IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **GEORGE WALTER BREWSTER, III.,** : | |
| Plaintiff, : | |
| : | NO. 4:21-CV-00057-CDL-MSH |
| VS. : | |
| : | |
| **PUBLIC DEFENDER JOSE GUZMAN &** : | |
| **THE PUBLIC DEFENDERS OFFICE,** : | |
| Defendants. : | |
| _____ : | |

## ORDER OF DISMISSAL

*Pro se* Plaintiff George Walter Brewster, III., a pre-trial detainee at the Muscogee County Jail in Columbus, Georgia, filed a complaint seeking relief pursuant 42 U.S.C. § 1983. ECF No. 1. Plaintiff also seeks leave to proceed *in forma pauperis*. ECF No. 2.

Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Leave to proceed *in forma pauperis* is therefore **DENIED.** Furthermore, because Plaintiff's complaint does not state a right to any recognizable relief, this action is **DISMISSED WITHOUT PREJUDICE**.

### I. DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g)

Under 28 U.S.C. § 1915(g), a prisoner is barred from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

4

This is known as the "three strikes provision." A prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database reveals that Plaintiff has filed multiple federal lawsuits within the past year and that three of his complaints have been dismissed as frivolous, or malicious, or for failure to state a claim. *See, e.g., Brewster v. District Attorney's Office, et al.*, 4:20-cv-00038-CDL-MSH (M.D. Ga. Oct. 21, 2020)(dismissed for failure to state a claim); *Brewster v. Turner*, 4:21-cv-00014-CDL-MSH (M.D. Ga. Mar. 3, 2021)(dismissed for failure to state a claim); *Brewster v. American International Movers, Inc.*, 4:20-cv-00045-CDL-MSH (M.D. Ga. Mar. 12, 2021)(dismissed for failure to state a claim). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

To qualify for this exception, a prisoner must allege specific facts that describe an "ongoing serious physical injury," or "a pattern of misconduct evidencing the likelihood of imminent serious physical injury." *Sutton v. Dist. Attorney's Office*, 334 Fed. App'x

278, 279 (11th Cir. 2009) (per curiam) (internal quotation marks omitted). Complaints of past injuries are not sufficient. *See Medberry*, 185 F.3d at 1193. Vague and unsupported claims of possible dangers likewise do not suffice. *See White v. State of Colo.*, 157 F.3d 1226, 1231 (10th Cir. 1998). The exception to § 1915(g) is to be applied only in "genuine emergencies," when (1) "time is pressing," (2) the "threat or prison condition is real and proximate," and (3) the "potential consequence is serious physical injury." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

Nowhere in Plaintiff's complaint does he provide any specific facts suggesting that he is in imminent danger of suffering any serious physical injury. As such, Plaintiff will not be permitted to proceed *in forma pauperis* pursuant to § 1915(g), and his Complaint should be dismissed without prejudice to his right to refile with pre-payment of the full $402 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## II. DISMISSAL PURSUANT TO 28 U.S.C. § 1915A

Under 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). In making the above determinations, all factual allegations in the complaint must be viewed as true. *Brown v. Johnson*, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). The liberal construction that applies to *pro se* pleadings cannot serve as a substitute for establishing a cause of action, and if the Court determines that the factual allegations in a complaint are "clearly baseless" the complaint should be dismissed as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

To state a claim for relief under §1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting

under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

Plaintiff lists as Defendants in this case his Public Defender Jose Guzman and the "Public Defenders Office." ECF No. 1 at 6. Plaintiff states that Defendant Guzman has not communicated with him about his case and has refused to file bond motions. *Id*. at 5 and 7. Plaintiff seeks money damages. *Id*. at 6. The Court notes that Plaintiff does not assert any factual allegations or claims against the Public Defender's Office, and even if he did, litigants seeking relief under § 1983 must file suit against a "person" or a legal entity. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). This Court, and others in the Eleventh Circuit, have concluded that a public defender's office is not a person or entity that can be sued under § 1983. *See, e.g., Johnson v. Georgia*, Nos. 7:07-CV-119 (WLS), 6:06-CV-49 (WLS), 2007 WL 2594177, at *2 (M.D. Ga. Sept. 5, 2007); *see also Anderson v. Richmond Cnty. Jail*, CV 115-168, 2016 WL 4579982, at *4 (S.D. Ga. Aug. 9, 2016); *Coleman v. Miami-Dade Cnty.*, No. 12-23216-CIV, 2013 WL 5429941, at *4 (S.D. Fla. Sept. 27, 2013).

Plaintiff's claim against Defendant Guzman also fails. Public defenders, though often employed by the government and appointed by a judicial officer, are not viewed as state actors for the purpose of § 1983 when performing the traditional functions as counsel to a defendant in a criminal proceeding. *Pearson v. Myles, 189 F. App'x 865, 866 (11th Cir. 2006); Wahl v. McIver*, 773 F.2d 1169, 1173 (11th Cir. 1985). *See also Polk Cnty. v.*

4

*Dodson*, 454 U.S. 312, 325, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) (holding that "a public defender does not act under color of state law"). Thus, Defendant Jose Guzman is not acting under color of state law in representing Plaintiff in his criminal case and, therefore, is not liable under 42 U.S.C. § 1983.

The Court therefore finds that Plaintiff has failed to state a claim and his action is subject to be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b).

### III. CONCLUSION

For the foregoing reasons, Plaintiff may not proceed *in forma pauperis* and this action is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form against a legally authorized defendant and pre-paying the full filing fee.

**SO ORDERED**, this 21st day of April, 2021.

S/ Clay D. Land
**Clay D. Land, Judge**
**United States District Court**